**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| HAIDER HASHIMMAHDI ALHADDAD,<br><br>*Plaintiff,*<br><br>v.<br><br>UNITED STATES DEPARTMENT OF<br>HOMELAND SECURITY, *et al.*,<br><br>*Defendants*. | Civil Action No. 25 - 2278 (LLA) |

**<u>MEMORANDUM OPINION</u>**

Plaintiff Haider Hashimmahdi Alhaddad, a citizen of Iraq, commenced this action to compel Defendants—the United States Department of Homeland Security, Secretary of Homeland Security Kristi Noem, the United States Department of State, Secretary of State Marco Rubio, the United States Citizenship and Immigration Services ("USCIS"), USCIS Director Joseph Edlow, Attorney General Pamela Bondi, and the Los Angeles Asylum Office—to adjudicate his asylum application. ECF No. 1. Defendants have moved to transfer this action to the Southern District of California and to extend the time to respond to the complaint until thirty days after the action is docketed there. ECF No. 8, at 1. Mr. Alhaddad consents to the motion. *Id.* For the reasons explained below, the court will grant Defendants' motion.

## I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The court takes the allegations in Mr. Alhaddad's complaint as true for the purposes of deciding the pending motion. *Louis v. Hagel*, 177 F. Supp. 3d 401, 403 (D.D.C. 2016). The Immigration and Nationality Act ("INA") allows "[a]ny" noncitizen "physically present in the United States" to apply for asylum if he has a "well-founded fear of persecution" in his home

country because of his "race, religion, nationality, membership in a particular social group, or political opinion."  8 U.S.C. §§ 1101(a)(42)(A), 1158(a)(1), 1158(b)(1)(A).  A noncitizen who seeks to apply for asylum must submit an Application for Asylum and for Withholding of Removal, to the USCIS.  8 C.F.R. § 208.3(a)(1) (2025); *see* U.S. Citizenship & Immigr. Servs., *Obtaining Asylum in the United States*.[1]  As relevant here, "in the absence of exceptional circumstances, the initial interview or hearing on the asylum application shall commence not later than 45 days after the date an application is filed," and the "final administrative adjudication . . . shall be completed within 180 days after the date an application is filed." 8 U.S.C. § 1158(d)(5)(A)(ii)-(iii).

Mr. Alhaddad is a native and citizen of Iraq who resides in El Cajon, California.  ECF No. 1 ¶¶ 10-11.  In July 2016, he filed an application for asylum and for withholding of removal. *Id.* ¶ 19.  Mr. Alhaddad has neither received an interview nor a final decision on his application. *Id.* ¶ 21.  Rather, his application has remained pending with the USCIS's Los Angeles Asylum Office since the date of filing.  *Id.* ¶¶ 20-21.  In June and August 2024, he sent inquiry letters to the Los Angeles Asylum Office regarding his application.  *Id.* ¶¶ 22-23; *see* ECF No. 1-1, at 11-15. The Asylum Office responded to the first letter, noting that it had updated his attorney information in the USCIS system but failing to address to his request for an interview.  ECF No. 1-1, at 13. The Asylum Office did not respond to the second letter.  ECF No. 1 ¶¶ 23-24.

Mr. Alhaddad filed this action in July 2025, seeking a writ of mandamus directing Defendants to schedule him for an asylum interview.  ECF No. 1.  In December 2025, Defendants

---

[1] *Available at* https://perma.cc/5CGR-RB9Z.

filed a motion to transfer this case to the Southern District of California.  ECF No. 8.  Mr. Alhaddad does not oppose the motion.  *Id*. at 1.

## II.    LEGAL STANDARD

Under 28 U.S.C. § 1404(a), a court may transfer a case from one proper venue to another appropriate venue if it serves "the convenience of parties and witnesses" and is "in the interest of justice."[2]  This is an "individualized, case-by-case consideration," comprised of two steps.  *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)).  First, the transferor court must determine that the action "[could] have been brought" in the transferee district or that the parties consent to litigating there.  28 U.S.C. § 1404(a).  Second, the court must decide whether "considerations of convenience and the interest of justice weigh in favor of transfer to that district."  *Blackhawk Consulting, LLC v. Fed. Nat'l Mortg. Ass'n*, 975 F. Supp. 2d 57, 59 (D.D.C. 2013).   In making this determination, the court "weigh[s] several private- and public-interest factors."  *Id.* at 59-60.  The private-interest factors include: "(1) the plaintiff's choice of forum; (2) the defendant's preferred forum; (3) the location where the claim arose; (4) the convenience of the parties; (5) the convenience of the witnesses; and (6) ease of access to sources of proof."  *Id.* at 60.  The public-interest factors include: "(1) the transferee's familiarity with the governing law; (2) the relative congestion of the courts of the transferor and potential transferee; and (3) the local interest in deciding local controversies at home."  *Id.* (quoting

---

[2] In contrast, 28 U.S.C. § 1406(a) governs transfer or dismissal when the initial venue is improper. *See Liu v. Mayorkas*, 737 F. Supp. 3d 1, 3-5 (D.D.C. 2024).  Here, venue is proper in this district under 28 U.S.C. § 1391(e)(1)(A) because several Defendants reside in the District of Columbia. *See Lamont v. Haig*, 590 F.2d 1124, 1128 n.19 (D.C. Cir. 1978) ("What controls is the official residence of the federal defendant where the official duties are performed and not the personal residence of an individual who is a defendant."); ECF No. 1, at 1.

*Onyeneho v. Allstate Ins. Co.*, 466 F. Supp. 2d 1, 3 (D.D.C. 2006)).  "If the balance of private and public interests favor[s] a transfer of venue, then a court may order a transfer."  *Id.* (quoting *Sheffer v. Novartis Pharms. Corp.*, 873 F. Supp. 2d 371, 375 (D.D.C. 2012)).

## III.   DISCUSSION

### A.   Motion to Transfer

Mr. Alhaddad consents to Defendants' motion to transfer.  ECF No. 1, at 8.  Nevertheless, the court will consider the facts and determine whether transferring this case to the Southern District of California is in the interest of justice.  *Stewart Org.*, 487 U.S. at 29 ("Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" (quoting *Van Dusen*, 376 U.S. at 622)).

First, the court concludes that the action could have been brought in the transferee district. Venue is proper in suits against officers or agencies of the United States "in any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action."  28 U.S.C. § 1391(e)(1).  Here, the plaintiff resides in the Southern District of California.  ECF No. 1 ¶ 2; *see* ECF No. 8, at 1-2.  The action accordingly could have been brought in that district under 28 U.S.C. § 1391(e)(1)(C).[3]

---

[3] In any event, because Mr. Alhaddad has consented to the transfer of this case to the Southern District of California, that venue is appropriate under Section 1404's provision that "a district court may transfer any civil action . . . to any district . . . to which all parties have consented." 28 U.S.C. § 1404(a).

Next, the court concludes that both the private- and public-interest factors weigh in favor of transferring this case to the Southern District of California. The court begins with the private interest factors. First, as to Mr. Alhaddad's choice of forum, while Mr. Alhaddad initially brought his case in this district, he has since consented to Defendants' request to transfer the case to the Southern District of California. ECF No. 8, at 1. The first factor thus favors a transfer. Second, as evidenced by their motion to transfer, Defendants prefer the Southern District of California. That is also Mr. Alhaddad's home district, and "[t]ransfer is favored when defendants' preferred forum is also the plaintiff's home forum." *Wolfram Alpha LLC v. Cuccinelli*, 490 F. Supp. 3d 324, 332 (D.D.C. 2020).

The third private-interest factor—where the claim arose—is neutral. "[I]n APA cases like this one, the underlying claim typically arises 'where the decisionmaking process occurred.'" *McAfee, LLC v. U.S. Citizenship & Immigr. Servs.*, No. 19-CV-2981, 2019 WL 6051559, at *1 (D.D.C. Nov. 15, 2019) (quoting *Gyau v. Sessions*, No. 18-CV-407, 2018 WL 4964502, at *2 (D.D.C. Oct. 15, 2018)). Mr. Alhaddad alleges that his application is pending with the Los Angeles Asylum Office, which is in neither the District of Columbia nor the Southern District of California.

Finally, the remaining private-interest factors favor a transfer. Mr. Alhaddad "cannot reasonably claim to be inconvenienced by litigating in [his] home forum." *Wolfram Alpha LLC*, 490 F. Supp. 3d at 333 (alteration in original) (quoting *Aishat v. U.S. Dep't of Homeland Sec.*, 288 F. Supp. 3d 261, 270 (D.D.C. 2018)). And he "will likely be the key witness and rely on personal records to develop his claim, making his home district a better venue." *Liu v. Mayorkas*, 737 F. Supp. 3d 1, 6 (D.D.C. 2024).

The public-interest factors likewise weigh in favor of a transfer or are neutral. First, courts in both districts are competent to deal with issues of federal immigration law. *See Nat'l Wildlife Fed'n v. Harvey*, 437 F. Supp. 2d 42, 49 (D.D.C. 2006) (explaining that where "both courts are competent to interpret the federal statutes involved[,] . . . there is no reason to transfer or not transfer based on this factor"). Next, there can be no dispute that each district faces congested dockets, making this factor neutral. Third, "[b]ecause any potential impacts are to be felt locally, the controversy is truly local to" Mr. Alhaddad's home district of the Southern District of California. *Pres. Soc'y of Charleston v. U.S. Army Corps of Eng'rs*, 893 F. Supp. 2d 49, 58 (D.D.C. 2012).

After balancing the relevant factors as set forth above, the court concludes that transfer to the Southern District of California promotes the convenience of the parties and witnesses and is in the interest of justice. *See* 28 U.S.C. § 1404(a). The court will therefore transfer this action to the Southern District of California.

### B.    Motion to Extend Time to Respond

In general, "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time." Fed. R. Civ. P. 6(b)(1). Upon transfer, this matter will be handled by an Assistant U.S. Attorney in the Southern District of California, who will require time to familiarize himself with the case. Mr. Alhaddad does not oppose the requested extension. ECF No. 8, at 5. The court will thus extend the time for Defendants to respond to the complaint to thirty days after the action is docketed in the Southern District of California.

## IV.   CONCLUSION

For the foregoing reasons, the court will grant Defendants' Consent Motion to Transfer and Extend.  ECF No. 8.  A contemporaneous order will issue.

_____
LOREN L. ALIKHAN
United States District Judge

Date:   December 23, 2025